UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ASHLEY M. JONES, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | |
| FIRST CREDIT SERVICES, INC., | CASE NO. 2:20-cv-00462 |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, ASHLEY M. JONES ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of FIRST CREDIT SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Indiana.

1

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age residing in Porter County, Indiana, which is located within the Northern District of Indiana.

5. Defendant "has remained a leading provider of business process outsourcing, A/R management, and debt collection services for many of the most recognized brands serving consumers throughout the United States."[1] Defendant is a corporation organized under the laws of the state of New York with its principal place of business located at 9 Wills Way, Piscataway, New Jersey 08854. Defendant's registered agent in Indiana is Corporation Service Company, located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. Defendant regularly collects upon consumers located within the State of Indiana.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon a purportedly outstanding consumer debt said to be owed by Plaintiff to Anytime Fitness ("subject debt").

8. On or about December 3, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter (the "collection letter") seeking collection of the subject debt.

9. This collection letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

---

[1] https://www.firstcreditonline.com/about-us/

10. Defendant's collection letter listed the subject debt with a "Balance Due" of $495.00 and instructed Plaintiff to remit payment by phone or through its "web payment system at Http://fcs.solvemydebt.com" ("online portal").

11. Following the collection letter's instructions, Plaintiff visited Defendant's online portal and entered her personal information.

12. At that point, Plaintiff was prompted to make payment, however, much to her dismay, Defendant's online portal pre-populated its fields to include a "Fee" of $5.65 ("convenience fee"), as seen below:

```
*Amount: $ 495.00
Fee: $ 5.65
```

13. Plaintiff was confused by Defendant's addition of the $5.65 convenience fee, as she never agreed to such a fee with Defendant or Anytime Fitness.

14. Moreover, Defendant's online portal indicated that the convenience fee would be paid directly to Defendant.

15. Defendant's online portal required Plaintiff to accept the convenience fee in order to remit payment.

16. Defendant gave the false impression that it could charge the convenience fee, when in fact, any such fee is impermissible pursuant to any underlying contract between Plaintiff and the original creditor, or as a matter of law.

17. The inclusion of an excessive convenience fee on the online portal created a false, deceptive and misleading representation as to the actual amount owed.

18. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

19. Defendant's conduct was misleading to Plaintiff, and is similarly misleading and confusing to the unsophisticated consumer, as it inappropriately asserts that Defendant is entitled to collect the impermissible convenience fee.

20. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

21. Plaintiff has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

22. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

23. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of regularly collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business. Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2000.[2]

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

"The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §§ 1692e, e(2)(A), e(10) by deceptively attempting to collect the subject debt through its representation that Plaintiff would be charged a convenience fee. Such a fee is not authorized by any agreement between Plaintiff and the original creditor, nor is it authorized as a matter of law or otherwise. Therefore, Defendant's attempt to collect upon these fees without any further explanation of what that balance or rate represented, was a false and deceptive attempt to collect upon the subject debt.

---

[2] http://www.acainternational.org/search#memberdirectory

32. Defendant was not entitled to collect the convenience fee from Plaintiff in connection with the subject debt, ultimately attempting to induce a greater payment from Plaintiff than it is otherwise entitled to collect.

33. Defendant knows that its representations to consumers concerning the fees being collected, and the consumer's rights under the FDCPA, cannot be false, deceptive and/or misleading.

34. Defendant further violated §1692e through its deceptive and misleading portal. Given Defendant's blanket $5.65 convenience fee, as well as the fact that the Portal fails to notate that the convenience fee is in connection with some form of a payment processing fee, it is clear that any payment submitted through Defendant's website would go directly to Defendant, and thus, the convenience fee was not a pass-through fee, but rather a convenience fee imposed by Defendant in an effort to collect an amount above and beyond what was expressly authorized by the underlying agreement between Plaintiff and the original creditor.

      **b.**      **Violations of the FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Moreover, under §1692f(1), a debt collector is prohibited from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

37. Defendant violated §§ 1692f and f(1) when it attempted to collect the convenience fee, despite the fact that said fee was not expressly authorized by the agreement creating the subject debt, nor authorized by law.

38. As set forth herein, Plaintiff has bene harmed and has suffered damage as a result of Defendant's unlawful collection practices.

WHEREFORE, Plaintiff, ASHLEY M. JONES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 17th day of December, 2020.        Respectfully Submitted,

/s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Ashley M. Jones*